# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                         |   |                          |
|-----------------------------------------|---|--------------------------|
|                                         | * |                          |
|                                         | * |                          |
| **DIANE L. MCDONALD-LERNER, M.D.**, *et al.* | * |                          |
|                                         | * |                          |
|                                         | * |                          |
| v.                                      | * | Case No. RWT 14-cv-0942  |
|                                         | * |                          |
| **NEUROCARE ASSOCIATES, P.A.**, *et al.* | * |                          |
|                                         | * |                          |
|                                         | * |                          |

## MEMORANDUM OPINION AND ORDER

On March 26, 2014, Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. ("Medtronic Defendants") removed this case from the Circuit Court for Montgomery County, Maryland. ECF No. 1. On March 31, 2014, the Plaintiffs filed an Emergency Motion to Remand (ECF No. 118), and pursuant to an Order expediting filing deadlines (ECF No. 121), on April 3, 2014, the Defendants filed a response in opposition thereto. ECF No. 125.

If a case is not initially removable, defendants may generally remove a case within thirty days of the date when it "may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed based on diversity jurisdiction under 28 U.S.C. § 1332 "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Plaintiffs in this case are citizens and residents of the state of Maryland, as are Defendants Neurocare Associates, P.A. and Michael K. Rosner, M.D. ("Maryland Defendants"). The remaining Defendants are corporations incorporated in and with their principal places of business in Minnesota and Tennessee respectively. ECF No. 1 at 9. In this case, the Plaintiffs

have expressed an intention to voluntarily dismiss the claims against the Maryland Defendants, thereby creating diversity of citizenship between the remaining parties under 28 U.S.C. § 1332.[1] The Medtronic Defendants allege that removal is appropriate because the matter in controversy exceeds the sum or value of $75,000 and the case is between citizens of different states. *Id.*; ECF No. 1.

The Plaintiffs' Motion to Remand, however, notes that this case commenced on February 25, 2013, and therefore, more than one year has passed since the commencement of the action. Under 28 U.S.C. § 1446(c)(1), the Medtronic Defendants are barred from removing the case unless the Court finds that the Plaintiffs acted in bad faith to prevent the Defendants from removing the action.

The Defendants argue that the exception to the one-year limitation applies because the Plaintiffs acted in bad faith. They argue that "Plaintiffs had no intention of pursuing claims against [the Maryland Defendants] since May, 2013" when they learned that Defendant Dr. Rosner was not covered by insurance and that they "improperly manipulated forum jurisdiction, and acted in bad faith to prevent [remaining Defendants] from removing this action within one year of its commencement…." ECF No. 125 at 1-2.

The Plaintiffs contend that they acted in good faith in making their decision, albeit not yet implemented, to dismiss the Maryland Defendants at this stage in the litigation. Any delay in doing so, they claim, was as a result of the Defendants' own failure to cooperate in providing discovery necessary to make the determination sooner. ECF No. 118 at 7.

Federal courts are reluctant to interrupt state proceedings especially ones such as this with a long and complicated history, scheduled to go to trial in less than six weeks. The

---

[1] The Court notes that even though the parties are in agreement that these Defendants will be dismissed, the Plaintiffs have not yet done so and therefore, removal to this Court based on diversity of citizenship would be premature at this time.

Defendants have failed to make a sufficient showing that the Plaintiffs acted in bad faith in indicating their intention to dismiss the Maryland parties over one year after the commencement of the action. In light of the policy behind  28 U.S.C. § 1446(c)(1) to limit the right of removal after significant progress has been made in the state court, this Court will grant the Plaintiffs' motion to remand.

Accordingly, it is, this 4th day of April, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Emergency Motion to Remand (ECF No. 118) is **GRANTED**; and it is further

**ORDERED**, that this matter is remanded to the Circuit Court of Maryland for Montgomery County; and it is further

**ORDERED**, that the Clerk is directed to close this case, and to mail a certified copy of this Order to the clerk of the Circuit Court of Maryland for Montgomery County.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
